IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALLEY PROPERTY INVESTMENTS, LLC., ) ) ) | |
| Plaintiff, ) ) | No. CIV S-12-2234 KJM AC |
| v. ) ) | |
| BANK OF NEW YORK MELLON, ) ) | ORDER |
| Defendant. ) ) | |

This matter was on the court's calendar on October 26, 2012 for a hearing on defendant's motion to compel arbitration and dismiss or stay the litigation. Plaintiff did not oppose the motion and the court ordered it submitted. For the reasons that follow, defendant's motion to compel arbitration is GRANTED and this case is DISMISSED.

I. BACKGROUND

On July 26, 2012, plaintiff Valley Property LLC filed suit in Sacramento County Superior Court alleging it purchased 447 S. Lexington Drive, Folsom, from defendant Bank of New York Mellon on March 17, 2009; that after the purchase, plaintiff discovered a storm drainage pipe under the home, which has compacted the soil and produced structural and foundation defects; that a prior owner of the property brought an action against the homebuilder; that a subsequent owner signed a release of liability for any damage from the pipe; and that

1

defendant failed to disclose the existence of the pipe, the litigation, and the release. ECF No. 1-1 at 5-7. There are two causes of action: non-disclosure of material facts and rescission. *Id*. at 5, 8.

Defendant removed the action to this court on August 27, 2012 and on September 4, 2012, filed the motion to compel arbitration. ECF Nos. 1, 4. In support of its motion, defendant provided a copy of the residential purchase agreement, which contains a section on dispute resolution. It provides that buyer and seller "agree to mediate any dispute or claim between them arising out of the Agreement . . . before resorting to arbitration or court action." It also provides that "Buyer and Seller agree that any dispute or claim in Law or equity arising between them out of this Agreement, or any resulting transaction, which is not settled through mediation shall be decided by neutral, binding arbitration . . . ."[1] The agreement specifies that interpretation of the arbitration provisions is governed by the Federal Arbitration Act. ECF No. 4-2 at 26 ¶ 17. In capital letters the agreement notifies the parties that their initials in the appropriate space means that the parties are "agreeing to have any dispute arising out of the matters included in the 'arbitration of disputes' provision decided by neutral arbitration as provided by California law" as well as "any rights you might dispute to have the dispute litigated in a court or jury trial." *Id*. This provision is initialed by plaintiff's representative. *Id*.

Defendant has also provided a copy of a letter plaintiff sent to the seller's real estate agent on March 20, 2012, after plaintiff filed suit, seeking to invoke the mediation provisions of the purchase agreement. ECF No. 4-3 at 13.

II.  ANALYSIS

Although real estate transactions typically do not fall within the scope of the Federal Arbitration Act (FAA), 9 U.S.C. §§2, *et seq*., the parties in this case have agreed that

---

[1] Foreclosure, unlawful detainer, proceedings on mechanics liens, and any case within the jurisdiction of probate, small claims or bankruptcy courts were exempted from the arbitration provisions.

interpretation of the arbitration provisions of the contract would be governed by the FAA. *S IV, LLC v. FMC Corp.*, 223 F. Supp. 2d 1059, 1062 (N.D. Cal. 2002) (finding that the FAA does not apply to agreements to sell real property, even between an in-state buyer and out-of-state seller). Under the FAA, this court must determine whether a valid, enforceable agreement to arbitrate exists and whether the claims at issue fall within the scope of the agreement to arbitrate; if the court answers both questions in the affirmative, it must order the parties to arbitration. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000); *Mission Viejo Emergency Med. Assoc. v. Beta Healthcare Group.*, 197 Cal. App. 4th 1146, 1153 (2011)*;* 9 U.S.C. § 4; CAL. CODE CIV. PROC. §§ 1280, *et seq*. In this case, the arbitration provision is a conspicuous part of the real estate purchase contract: the parties are warned in capital letters that initialing the provision signals their agreement to subject disputes to arbitration. There is a valid enforceable agreement to arbitrate in this case.

As arbitration is a matter of contract, a party cannot be required to submit to arbitration any dispute it has not agreed is subject to this alternative means of resolving disputes. *First Options of Chicago v. Kaplan*, 514 U.S. 938, 943 (1995); *Dream Theater, Inc. v. Dream Theater*, 124 Cal. App. 4th 547, 552 (2004). Nevertheless "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Defendant argues that the language in the instant arbitration provision broadly encompasses plaintiff's claims of fraudulent concealment and rescission and cites to *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716 (9th Cir. 1999). In that case, the Ninth Circuit held that language providing that disputes "arising in connection with" an agreement should be interpreted broadly to include "every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract." *Id.* at 720-21. However, in *Cape Flattery Ltd. v. Titan Maritime, LLC.*, 647 F.3d 914, (9th Cir. 2011), *cert. denied* 132 S.Ct. 1862 (2012), the Ninth Circuit interpreted the phrases "arising hereunder" and "arising out of" narrowly to exclude torts independent of the breach of

1  contract because such claims do not require interpretation of the contract.  *Id*. at 924 (citing
2  *Tracer Research Corp. v. Nat'l Envtl. Servs. Co.* 42 F.3d 1292, 1295 (9th Cir. 1994)).  This court
3  agrees that *Cape Flattery*'s narrow reading of "arising out of" language in a contract does not
4  exclude from arbitration claims "that require reference to the underlying contract, interpretation
5  of the parties' agreement, or examination of performance under the contract," but only those
6  claims raising "wrongs that are only indirectly related to the parties' contractual relationship."
7  *Hopkins & Carley, ALC v. Thomson Elite*, No. 10-CV-05806-LLHK, 2011 WL 1327359, at *6
8  (N.D. Cal. Apr. 6, 2011).  In this case, the complaint alleges that defendant concealed or failed to
9  disclose a material fact that induced plaintiff to purchase the property.  *See Lazar v. Superior
10 Court*, 12 Cal. 4th 631, 638 (1996); *Odorizzi v. Bloomfield School Dist.*, 246 Cal. App. 2d 123,
11 137 (1966).  Resolving the claim in this case will require reference to the contract and so is
12 within the scope of the arbitration agreement.
13          IT IS THEREFORE ORDERED that defendant's motion to compel arbitration is
14 granted (ECF No. 4) and the action is dismissed.
15 DATED:  December 13, 2012.

UNITED STATES DISTRICT JUDGE

4